### UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | ) | |
|---|---|---|
| **In Re: Lavonna Loving** | ) | 14 B 44572 |
| | ) | |
| Debtor(s) | ) | **Judge David D. Cleary** |
| | ) | |

*Notice Of Filing/ Certificate Of Service*

LaVonna Loving P.O. Box 390784 Chicago, IL 60639

Debtor Attorney: Geraci Law LLC via Clerk's ECF noticing procedures


Please take notice that on December 14, 2020, the attached Trustee's reply to Debtor's motion to Modify Plan was filed with the Clerk of the U.S. Bankruptcy Court, a true and correct copy of which is attached.

/s/Yanick Polycarpe
for Marilyn O Marshall, Trustee


I certify under penalty of perjury that I mailed a copy of this notice to the above listed persons by first class US mail, postage prepaid, or as otherwise listed on December 14, 2020.

/s/Yanick Polycarpe
for Marilyn O Marshall, Trustee



Office of the Chapter 13 Trustee
Marilyn O Marshall
224 South Michigan Ave., Suite 800
Chicago, Illinois 60604
312-431-1300

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re: LaVonna Loving** | ) | **14 B 44572** |
| | ) | |
| Debtor(s) | ) | **Judge David D. Cleary** |
| | ) | |

**Trustee's Response in Opposition to Debtor's Motion to Modify Plan**

COMES NOW, Marilyn O. Marshall, Standing Trustee, in response to the debtor's motion to modify plan, states as follows:

1) On December 15, 2014, the instant case was filed under Chapter 13 of the Bankruptcy Code.

2) The plan was confirmed April 8, 2015.

3) The Trustee has now filed two motions to dismiss, one for plan payment default and the other for material default in the terms of the confirmed plan.

4) Debtor now seeks to modify the plan, claiming administrative error in the calculation of the amounts owed to the plan. See Docket entry #96.

5) In paragraph 5 of the motion, debtor admits amounts are still owed to the Trustee but has yet to tender any funds. See Docket entry #96.

6) Debtor's motion seeks to recalculate the pot and waive a tax refund that, on information and belief, has not yet been received.

7) Subsequent to confirmation of the plan in April of 2015, several orders modifying plan were entered, adjusting debtor's obligations with respect to tax refunds and payment defaults.

8) All parties involved in the entry of the orders, including the attorneys on both sides and the Court, were fully aware of the words in the order and had the breadth of experience to understand the order at the time of its entry, its terms and its impact on the plan.

9) Each and every order speaks for itself, is clear and needs no further explanation.

10) Despite the arguments raised by debtor, deferring a default does not in fact impact the total amount necessary to pay into a Chapter 13 plan, rather, the default is reduced to $0 but the pot, the amount the debtor must pay, remains the same.

11) The plan, as confirmed, calls for general unsecured creditors to be paid to the extent possible from the payments set out in Section D, but not less than 22% of the filed, allowed general unsecured claims. Section D provides for 60 payments at $500 per month, or $30,000.

12) The order confirming plan, entered April 8, 2015, directs that:

"On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall further tender the full amount of each year's tax refund received while the case is pending to the Chapter 13 Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s)." See Docket entry #31.

13) The order confirming plan directs that tax refunds be added as additional payments, in addition to the payments laid out in Section D of the plan.

14) Subsequent orders modifying the plan that adjust the plan payment in section D, either up or down, impact the extent of funds available pursuant to Section D.

15) The order modifying plan entered June 12, 2017, waived the debtor's requirement to turn over the 20014 and 2015 tax refunds in the amount of $1949.80 out of the total refund amount of $2347. See Docket entry #48.

16) On August 12, 2017, an order modifying plan was entered waiving a $375 default, which reduced the pot amount by $375. See Docket #53

17) On January 14, 2019, an order modifying plan was entered waiving the 2017 tax refund and did not impact the pot amount. See Docket entry #65.

18) On November 14, 2019, after presentment of evidence and oral argument, Trustee's motion to dismiss was denied, $4470 of the debtor's 2018 tax refund was waived, $1685 of the debtor's plan payment default deferred, and the plan payments increased to $1065 per month. See Docket entry #83.

19) Because the court waived only $4470 of the 2018 tax refund, the pot was increased by the difference between $6155 and $4470, or $1685.

20) The pot of money available to creditors in this case is calculated as follows:

| | |
|---|---:|
| $500 per month for the first 58 months | $29,000 |
| $1065 per month for 2 months per Docket #83 | $ 2,130 |
| 2014 tax refund | $1,145 |
| 2015 tax refund | $1,202 |
| less amount waived docket #48 | ($1949.80) |
| 2016 tax refund | $1,575 |
| less amount waived docket #53 | ($ 375) |
| $1685 of 2018 tax refund per Docket #83 | $1685 |
| Subtotal | $34,412.20 |
| 2019 tax refund | $5025 |
| Total amount due: | $39,437.20 |

21) The total paid into the plan by the debtor is $32,260.00.

22) The debtor has not made a payment since January 6, 2020, in response to the trustee motion to dismiss pending at the time.

23) As the debtor has failed to maintain payment to the Trustee as required under the confirmed plan, dismissal is appropriate pursuant to 11 USC §1307(c).

24) At least 70 months have elapsed since the commencement of the case.

25) Debtor's motion to modify plan seeks to reduce the amount of payments to creditors pursuant to 11 USC § 1329(a)(1), which is prohibited upon the expiration of the term of plan.

26) The term of the plan has expired and the plan has already run in excess of 60 months.

27) There is no "administrative issue" or mistake of fact or law that would allow modification of the previously entered orders modifying plan.

Wherefore, for the above stated reasons, Trustee prays that debtor's motion to modify be denied, and for any and all other relief this court deems just and proper.

Respectfully submitted:

/s/Yanick Polycarpe

for Marilyn O. Marshall, Trustee

Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 S. Michigan, Suite 800
Chicago, IL  60604
312-431-1300